JOHN BOUTOTTE *vs.* DOMINIQUE DAIGLE, JR.

AND

LURGIE BOUTOTTE, Pro Ami, *vs.* SAME.

Aroostook.    Opinion August 23, 1915.

*Assumption of Risk.  Contract for Hire.  Instructions.  Minor.  Negligence.*
*Safe Place.*

1.   The work contracted for, as the plaintiff asserts, was one not attended with unusual or peculiar dangers, while the work assigned of following the mowing machine, as alleged, was hazardous.

2.   There was conflict as to the terms of the contract, and being an oral contract, it was for the jury to say what the contract really was.

3.   Ordering the plaintiff to do a more dangerous work than that for which the contract provided, without proper instruction, was negligence.

4.   Allowing the plaintiff to grasp the clearing bar in the manner admitted, without instantly stopping his mowing machine, was culpable negligence.

5.   A boy of the plaintiff's age cannot be held to know and appreciate the dangers in such circumstances as are disclosed in this case.

On motions for new trial by defendant.    Motions overruled.

These are two actions on the case for negligence; one brought by a minor against defendant for loss of his left thumb; the other action is by the father of minor, to recover for loss of his minor son's services and for expenses incurred for medical treatment of the son.    Plea in both cases was the general issue.    The jury returned verdicts in both cases for the plaintiffs, and defendant filed general motions for new trials.

The cases are stated in the opinion.

*Hersey & Barnes, and A. G. Fenlason,* for plaintiffs.

*J. A. Laliberte, and A. S. Crawford,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, KING, BIRD, HALEY, HANSON, JJ.

HANSON, J. Actions on the case for negligence, tried together. Lurgie Boutotte, a minor, sues to recover damages for the loss of his left thumb; his father, John Boutotte, to recover for expenses incurred for medical treatment and loss of service of his son Lurgie Boutotte. The jury returned a verdict for the plaintiff in both cases,—in the first for $70.83, in the last named for $675.00. The defendant filed a general motion for a new trial in each case. The declarations were substantially as follows:

"And the plaintiff avers that on said first day of August, 1914, he made a contract with said defendant whereby he permitted and allowed his said minor son, Lurgie, to work and labor for said defendant for hire in the employment and work of driving, using and operating the hay rake of said defendant on the farm of said defendant at said New Canada Plantation; and said minor son was to be used and put to no other employment by said defendant without the knowledge and consent of said plaintiff.

"And the plaintiff further avers that it then and there became the duty of said defendant in the employment of said minor son as aforesaid not to expose said minor son to dangers and perils outside of said employment as aforesaid, and not to direct, command and instruct said minor son to work on or about the mowing machine of said defendant or to take away and remove the hay and grass from said mowing machine while in operation without the knowledge and consent of the plaintiff, and without due notice, instructions and warning to said minor as aforesaid.

"And the plaintiff further avers that then and there said defendant, well knowing the premises, carelessly and negligently, and without the knowledge of the plaintiff and without any warning or instruction to said minor son as aforesaid, commanded, instructed and directed said minor son to remove and take away the hay and grass from the teeth, scythes and cutter of said mowing machine of said defendant while being operated and used by said defendant as aforesaid.

"And the plaintiff further avers that said defendant regardless of his duty as aforesaid, carelessly and negligently allowed and permitted said minor son to remove with his hands said hay and grass from the teeth, scythes and cutter of said mowing machine as afore-

said while the same was in operation as aforesaid, without any warning or instruction, and while said minor son did not have any notice of said dangers and perils as aforesaid, and while said minor son because of his age and inexperience did not appreciate said dangers and perils as aforesaid; and said minor son, by reason of said carelessness and negligence of said defendant as aforesaid, and without any fault on his part, was caught by the left hand in the cutter, scythes and teeth of said mower as aforesaid, and the thumb of his left hand was mangled, cut and severed by said mowing machine as aforesaid, so that said thumb had to be completely amputated from said left hand."

The defendant contends (1) The evidence effectually disproves the claim that the defendant directed the plaintiff to take away and remove with his hands the hay and grass clogged around the scythe, teeth and cutter of the defendant's mowing machine, while it was in operation.     (2)    If the defendant did so direct the plaintiff, the plaintiff assumed the risk of the injury received.

The plaintiffs urge that the defendant is liable because:

1.    The work assigned was hazardous and not contemplated in the contract for service, and was ordered and conducted without the knowledge and consent of the father.

2.    That assuming that the minor was hired as the defendant claims, he is still liable because he failed to provide a reasonably safe place in which the minor would perform his work.

3.    That the presence of a large rock in the path of the machine, causing a violent upward movement of the scythe and consequent stumbling of the minor, was due to the negligence of the defendant, and renders him liable.

The questions involved were peculiarly for the jury.    The first was upon the terms of the contract between the plaintiff, John Boutotte, and the defendant.    The plaintiff alleges that the agreement was to hire his son and a horse to rake hay.    The defendant says he hired the son to rake hay, or to do such other work as he required.    There was conflict as to the terms of the contract, and being an oral contract it was for the jury to say what the contract really was.    The remaining questions of fact as to the time, place and circumstances attending the injury were for the jury alone, and having been submitted under appropriate instruction as we must assume, we find no justifiable reason to disturb the finding of the jury.    The

work contracted for as the plaintiff asserts was one not attended with unusual or peculiar danger, while the work assigned of following the mowing machine as alleged, was hazardous, a more dangerous work than raking hay. There was some conflict as to the manner of performing the work for one and one-half hours, but the parties are in substantial agreement in respect to the immediate circumstances attending the accident.' Both parties say that the plaintiff in doing the work assigned had grasped the clearing bar attached to the scythe with his left hand, and was removing the hay with his right hand. The defendant saw the plaintiff so holding the clearing bar, and did not stop his mowing machine. The plaintiff says he went around a side hill three or four times so holding the clearing bar. The defendant in his examination states as follows:

"Q.—How far did he go after he had hold of the stick?

A.—Not more than two or three steps.

Q. —When did you stop?

A.—I stopped when he fell into the scythe.. He made an outcry."

A careful examination of the record satisfies us that the jury were justified in finding for the plaintiffs in both actions.

Ordering the plaintiff to do a more dangerous work than that for which the contract provided, without proper instruction, was negligence, and allowing the plaintiff to grasp the clearing bar in the manner admitted, without instantly stopping his mowing machine, was culpable negligence.

Labbatt on Master and Servant, Vol. 1, Sec. 21, cited by the defendant, supports the plaintiff, John Boutotte in his several contentions, as follows:

"The controlling principle then is that a person who hires an unemancipated minor, and puts him at hazardous work, is accountable to the non-assenting parent for all the consequences following directly from the employment, in so far as, they entail a loss of the minor's services by the parent. . . . . In such cases the wrong consists essentially in the employment of the minor servant without the permission or against the wishes of the parent. The parent is therefore entitled to recover, irrespective of whether the master was negligent or not."

As to the remaining question of assumption of risk, we are of the opinion that a boy of the plaintiff's age cannot be held to know and appreciate the dangers in such circumstances as are disclosed in this case.

*Motions overruled.*